

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-86,920-02

### IN RE STATE OF TEXAS EX REL. BRIAN W. WICE, Relator

### v.

### THE FIFTH JUDICIAL DISTRICT COURT OF APPEALS, Respondent

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NOS. 05-17-00634-CV, 05-17-00635-CV & 05-17-00636-CV
### IN THE FIFTH COURT OF APPEALS
### COLLIN COUNTY

**KEEL, J., filed a dissenting opinion.**

### DISSENTING OPINION

Texas Code of Criminal Procedure Article 26.05 requires (a) payment of a

reasonable attorney's fee (b) in accordance with a fee schedule that (c) states reasonable

fixed rates or minimum and maximum hourly rates. Article 26.05(a-c). Collin County's

fixed fee schedule – as now modified by a majority of this Court – violates both

paragraphs "a" and "c" of Article 26.05. Collin County's one-size-fits-some scheme makes it impossible to pay a reasonable attorney's fee based on the variables listed in Article 26.05(a) in time-consuming and complex cases, and its fixed fee schedule fails to state reasonable fixed rates or minimum and maximum hourly rates as required by Article 26.05(c). Because of these defects in the fee schedule, the trial court was bound to violate either paragraph "a" or paragraph "b" of the statute when it paid the attorneys pro tem in this case. That dilemma precludes mandamus because the trial court did not have a clear duty to sacrifice one part of the statute in favor of another. The majority holds otherwise, however, because it makes three mistakes.

First, the majority ignores Article 26.05(a) in its analysis of the statute. Second, it changes the meaning of Article 26.05(c) by replacing the statutory term "reasonable fixed rates" with the phrase "a fixed fee." Finally, the majority renders Texas Code of Criminal Procedure Article 2.07(c) a dead letter by setting up the possibility of paying appointed attorneys pro tem differently than appointed criminal defense attorneys. Since the trial court was not obliged to make the same mistakes, mandamus does not lie against it, and I dissent.

Article 26.05(a): A reasonable attorney's fee shall be paid

Article 26.05(a) mandates the payment of "a reasonable attorney's fee . . . based on the time and labor required, the complexity of the case, and the experience and ability of the appointed counsel." Although the majority quotes this provision early in its opinion,

it overlooks it when paraphrasing or analyzing the statute. Three examples follow.

First, in summarizing the "statutory framework" of Articles 2.07 and 26.05 the majority lists only three points: (1) uniform compensation as between appointed defense attorneys and attorneys pro tem; (2) payments made according to a schedule of fees; and (3) fee schedules that state reasonable fixed rates or minimum and maximum hourly rates. Majority slip op. at *7. There is no mention of Article 26.05(a)'s mandate that appointed attorneys be paid a reasonable fee. As formulated by the majority, then, the statutory framework is incomplete.

A second example of the majority ignoring Article 26.05(a) is its characterization of the issue before it. The majority says the issue is whether Collin County's Local Rule 4.01(B) "exceeds the trial court's authority to set fees for appointed counsel[.]" Majority slip op. at *9. Besides using language not found in the statute (i.e., "authority to set fees"), this rendition of the issue ignores the trial court's duty under Article 26.05(a) to pay a reasonable attorney's fee based on certain variables.

A third example of the majority overlooking Article 26.05(a) is its assertion that a trial court "has discretion to set a fee" in accordance with a fee schedule. Majority Slip op. at *12-13. But the statute does not mention "discretion," use the word "set" or refer to a plain "fee." It instead commands that "a reasonable attorney's fee" based on listed variables "shall be paid." The majority ignores Article 26.05(a)'s mandate to pay a reasonable attorney's fee by recasting it as "discretion to set a fee."

The majority also camouflages Article 26.05(a)'s mandate for payment of a reasonable attorney's fee by re-ordering the statute's paragraphs and compressing them. The majority asserts that the statute "first" requires adoption of a fee schedule and "second" that a judge "decides on a reasonable fee" in accordance with the adopted fee schedule. Majority slip op. at *13-14. But Article 26.05's first requirement is the payment of a reasonable attorney's fee. Tex. Code Crim. Proc. Art. 26.05(a). Its second requirement is payment in accordance with the adopted fee schedule. Tex. Code Crim. Proc. Art. 26.05(b). Its third requirement is that the fee schedule state reasonable fixed rates or a range of hourly rates. Tex. Code Crim. Proc. Art. 26.05(c).

The majority again masks Article 26.05(a)'s mandate when it claims that the provision "recognizes a trial court's authority to set a reasonable fee[.]" Majority slip op. at *17. Article 26.05(a) does not "recognize" anything; it commands the payment of a reasonable attorney's fee based on listed variables.

By re-ordering these paragraphs, re-wording them and mixing them together, the majority opinion masks the language, meaning and existence of Article 26.05(a) and disregards its mandate for payment of a reasonable attorney's fee.

Article 26.05(c): Fee schedule shall state reasonable fixed rates

Article 26.05(c) requires fee schedules to state "reasonable fixed rates or minimum and maximum hourly rates." Instead of sticking to that language, however, the majority substitutes "a fixed fee" for the statute's phrase "reasonable fixed rates." Since "fee" and

"rate" are not synonymous, the majority changes the meaning of Article 26.05(c).

"Rate" means the amount of a charge or payment with reference to some basis of calculation; a certain quantity or amount of one thing considered in relation to a unit of another thing and used as a standard or measure; the fixed charge per unit of quantity. *See* Dictionary.com, https://www.dictionary.com (last visited Oct. 1, 2018). "Fee" means a charge or payment for professional services; a sum paid or charged for a privilege; a charge allowed by law for the service of a public officer." *See* Dictionary.com, https://www.dictionary.com (last visited Oct. 25, 2018). So "fixed rates" are set amounts *paid in relation to a unit*, and "a fixed fee" is a set *charge, payment or sum*. Under Article 26.05(c), then, fee schedules can state reasonable fixed rates but not a fixed fee, and the majority opinion's unexamined assertion to the contrary contravenes the statute.

Judge Richardson's concurring opinion suggests that Collin County's fixed fee schedule meets Article 26.05(c)'s rates requirement because the fixed fee is a per-case rate. But like the majority, he discounts Article 26.05(a)'s mandate that appointed attorneys be paid a reasonable fee based on a list of variables, claiming instead that the statute "allows" the payment of reasonable fees and gives the trial court "discretion" to pay a reasonable fee as limited by the adopted fee schedule. In fact Article 26.05(a) is mandatory and leaves no room for discretion or allowance; it says that a reasonable attorney's fee that takes into consideration time, labor, case complexity, etc., shall be paid. That mandate cannot be met if every case is paid the same flat fee regardless of the time

and labor required, the complexity of the case or the attorney's experience and ability. In order to give meaning to both Article 26.05(a) and (c), "reasonable fixed rates" cannot mean a flat rate per case but must mean what it says, "reasonable fixed rates or minimum and maximum hourly rates" that accommodate the mandatory payment of a reasonable attorney's fee based on the listed variables.

As amended by the majority opinion, the Collin County fee schedule would pose a dilemma for the trial court – either pay a reasonable fee as demanded by paragraph "a" or pay the flat fee as demanded by paragraph "b." The trial court could not do both, and it did not have a clear ministerial duty to choose one option over the other. Given the irreconcilability of the  statute's requirements in the face of the fee schedule's flaws, it is absurd to subject the trial court to mandamus for violating paragraph "b" of the statute when complying with it would cause a violation of paragraph "a." The majority claims it is harmonizing the subsections when in reality it arbitrarily elevates paragraph "b" over paragraph "a," thus leading to its next mistake which is to lay the ground work for the nullification of Article 2.07(c).

Article 2.07(c): Uniform compensation of attorneys pro tem and defense attorneys

Article 2.07(c) requires that an attorney pro tem "shall receive compensation in the same amount and manner as an attorney appointed to represent an indigent person." The statute offers no exceptions to its rule; if a defense attorney cannot be paid a certain amount or in a certain manner, then neither can an attorney pro tem. The majority,

however, creates its own exception when it acknowledges the potential for an unconstitutional application of Article 26.05 in the context of indigent defense. If this fee schedule, as modified by the majority, would be unconstitutional as applied to an appointed defense attorney, then Article 2.07(c) would forbid its use in compensating attorneys pro tem. Rather than confront that issue, however, the majority brushes it off. So, in addition to distorting Article 26.05, the majority lays the groundwork to render Article 2.07(c) a dead letter.

The trial court had to pay a reasonable attorney's fee to the attorneys pre tem, and it did so. Mandamus does not lie against it. I dissent.


Filed: November 21, 2018

Publish